# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

ANDY PIERRE                                                              PETITIONER
Reg # 53561-004

VS.                          CASE NO.: 2:11CV00182 DPM/BD

T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                  RESPONDENT

## RECOMMENDED DISPOSITION

I.      **Procedure for Filing Objections:**

      The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge D. P. Marshall Jr.  Any party may file written objections to

this Recommendation.

      Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding believed to be

incorrect and must describe the evidence that supports that belief.

      An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

      If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Background**:

On July 26, 2000, Petitioner Andy Pierre received a 360-month sentence in the Bureau of Prisons ("BOP") after a federal jury in the Southern District of Florida found him guilty of conspiracy to possess, with intent to distribute, cocaine. *United States v. Gibbs, et al.*, Case No. 9:99CR08091-DTKH-2 (S.D. Fla. July 26, 2000).  Mr. Pierre appealed his conviction and sentence to the Court of Appeals for the Eleventh Circuit, which affirmed on August 15, 2000.  *United States v. Pierre*, 232 F.3d 214 (11th Cir. Aug. 15, 2000)(table).

On November 5, 2002, Mr. Pierre filed a motion with the trial court to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255.  *Pierre v. United States*, Case No. 9:02CV81033-DTKH (S.D. Fla. filed Nov. 5, 2002).  United States District Judge Daniel T. K. Hurley denied the motion on May 7, 2003.  *Id.*

Mr. Pierre did not timely appeal the denial of his § 2255 motion.  Instead, on August 13, 2004, he filed a motion to reopen the time to file an appeal, which was denied. *Id.* at docket entries #14 and #16.  He also filed a notice of appeal with his motion to reopen the time to file an appeal.  *Id.* at docket entry #15.  On September 17, 2004, the Eleventh Circuit dismissed the appeal for lack of jurisdiction.  *Id.* at docket entry #19.

2

Mr. Pierre is now incarcerated in the Federal Correctional Complex in Forrest City, Arkansas. On August 15, 2011, he filed a "motion to vacate void judgment, writ of habeas corpus for liberty restraint, and motion seeking declaratory judgment as to career offender provision" with the sentencing court in Florida. *United States v. Gibbs, et al.*, Case No. 9:99CR08091-DTKH-2 (S.D. Fla. Docket entry #195). That Court has yet to act on Mr. Pierre's motion.

Meanwhile, on October 11, 2011, Mr. Pierre filed the current petition for writ of habeas corpus under 28 U.S.C. § 2241 with this Court.[1]  (#1)  In his petition, Mr. Pierre raises the same claims raised in his most recent motion filed with the sentencing court. For the reasons that follow, the Court recommends DISMISSAL of the petition, without prejudice.

## III.   <u>Jurisdiction</u>:

In the petition before this Court (#1), Mr. Pierre claims that the BOP is detaining him beyond the maximum sentence authorized by law, based his belief that he was not a career offender at the time of sentencing. This is the same claim he raises in the motion now pending before Judge Hurley. This Court lacks jurisdiction because, under the circumstances, this claim can be addressed only by the sentencing court. 28 U.S.C. § 2255.

---

[1] Mr. Pierre has not paid the applicable filing fee or filed an application for leave to proceed *in forma pauperis*. If the case is not dismissed, as recommended, Mr. Pierre will be required to address this deficiency.

3

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 . *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A claim that a sentence exceeded the maximum allowed under law is properly brought under § 2255.  28 U.S.C. § 2255(a).

A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out, and it is within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention."  28 U.S.C. § 2255(e)(emphasis added)

A petitioner who wishes to be excepted from the requirement of filing with the sentencing court under § 2255 must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective.  *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959).  But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002),

4

cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002).  The fact that an individual is barred

from filing a § 2255 motion for procedural reasons does not render the remedy inadequate

or ineffective so as to permit a petitioner to file under § 2241.  *Lopez-Lopez*, 590 F.3d at

907.  The § 2255 remedy is not inadequate or ineffective because the claim was

previously raised in a § 2255 motion but rejected because the petitioner was denied leave

to file a second or successive § 2255 petition, or because a § 2255 petition was

time-barred.  *Id*.

In this petition, Mr. Pierre clearly challenges his sentence.  His direct appeal was

unsuccessful; the sentencing Court denied his first § 2255 motion; and his current motion

in the sentencing Court, which appears to be a second or successive § 2255 motion, is still

pending.  Under these circumstances, Mr. Pierre cannot show that the § 2255 remedy is

"inadequate or ineffective" so as to qualify for the statute's savings clause.

Mr. Pierre has not argued that a § 2255 motion would be inadequate or ineffective.

Even if he did, there is no plausible basis for this finding.  A § 2255 motion is not

inadequate or ineffective merely because the sentencing Court denied relief, or because

the sentencing Court denied permission to file a second or successive petition.  *Hill v.

Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d

1075, 1077 (8th Cir. 2000)).  Because Mr. Pierre cannot meet his burden to proceed under

the § 2255 savings clause, this Court cannot entertain his petition under 28 U.S.C. § 2241.

**IV.**    **Conclusion:**

The court in this judicial district lacks subject matter jurisdiction over Mr. Pierre's

28 U.S.C. § 2241 petition for writ of habeas corpus, and this Court recommends that the

petition (#1) be dismissed, without prejudice.

DATED this 13th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE